UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
SAFE FLEET HOLDINGS LLC, et al.,                                   :
                                                                   :
                                    Movants,                       :          26-MC-0257 (JAV)
                                                                   :
              -v-                                                  :          ORDER TO TRANSFER
                                                                   :
HAYDEN AI TECHNOLOGIES, INC., et al.,                              :
                                                                   :
                                    Respondents.                   :
                                                                   :
------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:


This is a miscellaneous action to quash a third party subpoena served by Respondents on

KKR Group Co.  This action was initiated by the Defendants in a case currently pending in the

United States District Court for the Eastern District of New York captioned *Hayden AI*

*Technologies, Inc. v. Safe Fleet Holdings LLC, et al.*, Case No. 1:23-cv-03471 (EK) (JRC) (the

"EDNY Action").  ECF No. 1.

On June 1, 2026, the Court transferred a previous miscellaneous action involving a

motion to quash a third-party subpoena served in connection with the EDNY Action, *Safe Fleet*

*Holdings LLC v. Auto Action Technologies, Inc.*, 26-mc-0221, to Judge Komitee in the United

States District Court for the Eastern District of New York, who is presiding over the EDNY

Action.  ECF No. 25.

On June 9, 2026, the Court ordered the Parties to show cause why the pending motion

should not likewise be transferred, pursuant to Rule 45(f) of the Federal Rules of Civil

Procedure, to the United States District Court for the Eastern District of New York.  The movant

filed a letter on the docket indicating its consent.  ECF No. 12.  Respondent Hayden AI

Technologies ("Hayden") objects on the grounds that no exceptional circumstances exist to warrant transfer.  ECF No. 13.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  It is generally within the discretion of the Court to decide whether to transfer a subpoena-related motion, considering factors such as the interests of justice, judicial economy, and the presiding court's greater familiarity with the underlying issues.  *See, e.g.*, *Google LLC v. Fortress Inv. Grp. LLC*, No. 20-MC-00132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020); *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-MC-00130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019); *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *6 (S.D.N.Y. Feb. 9, 2007).

The EDNY court has a much greater familiarity with the evidentiary and legal questions presented in this motion.  The EDNY court has closely supervised the underlying action over the past three years, entering a case management plan in July 2023 and then modifying that discovery schedule on multiple occasions, as well as adjudicating a number of substantive motions, including a motion for a preliminary injunction and a motion for sanctions.  Indeed, the docket in the EDNY Action currently has 364 entries, a number of which concern motions to compel and other discovery disputes.  The EDNY court is thus in a better position to resolve the issues rather than this Court "in a different district with no knowledge of the case." *Stanziale,* 2007 WL 473703, at *5.

Hayden protests that, per the Advisory Committee Note to Rule 45, the "prime concern" of Rule 45(f) is to avoid burdening local third parties subject to subpoenas.  ECF No. 13.  KKR,

the subject of the subpoena, is headquartered in New York City. *Id.* The EDNY courthouse is in Brooklyn, approximately a mile from this Court's location. Hayden offers no explanation as to how transfer to the EDNY would impose a burden on KKR, nor has KKR itself appeared to object to transfer.

Accordingly, because the EDNY court is in a better position to resolve the issues at the center of the pending motion, and to avoid disruption to that court's efforts to oversee this litigation, the Court holds that, pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, transfer will best serve the interests of justice and judicial economy. The motion to compel is hereby respectfully referred to District Judge Komitee in the United States District Court for the Eastern District of New York, pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York and to terminate this case in the Court's docket.

SO ORDERED.

Dated: June 17, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3